# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRAD PAUL SMITH**  **PLAINTIFF**
**ADC #660448**

**V.**  **NO. 3:24-cv-9-DPM-ERE**

**THOMAS HURST,** *et al.*  **DEFENDANTS**

## INITIAL ORDER FOR *PRO SE* PRISONER-PLAINTIFFS

You have filed this federal civil rights lawsuit *pro se*, that is, without the help of a lawyer. There are rules and procedures that you must follow in order to proceed with your lawsuit, even though you are not a lawyer.

**First: Follow All Court Rules.** You must comply with the Federal Rules of Civil Procedure as well as Local Rules for the Eastern District of Arkansas. Copies of rules can be found in the prison library.

In particular, Local Rule 5.5(c)(2) explains requirements for plaintiffs, like you, who are not represented by a lawyer:

1. You must promptly notify the Clerk and the other parties in the case of any change in address. You must inform the Court if you are transferred from one unit to another. Notifying the Court of your change in address is especially important if you are released from custody while your lawsuit is pending. If you do not keep the Court informed as to your current address, your lawsuit can be dismissed.
2. You must monitor the progress of your case and prosecute the case diligently.
3. You must sign all pleadings and other papers filed with the Court, and each paper you file must include your current address.
4. If you fail to timely respond to a Court Order directing action on your part, the case may be dismissed, without prejudice.

**Second: The Three Strikes Rule.** The Prison Litigation Reform Act, 28 U.S.C. § 1915(g), provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

**Third: Service of Defendants.** It is your responsibility to identify all Defendants, including any "John/Jane Doe" Defendants. If you are allowed to proceed IFP, the Court will order service of any claims that survive screening on all properly identified Defendants. However, you are responsible for providing sufficient identifying information and valid service addresses for each Defendant. Any Defendant who is not served within 90 days may be dismissed, without prejudice, from the lawsuit. **Service is not proper at this time.**

**Fourth: No Right to Appointed Counsel.** This is a civil case. Unlike criminal cases, there is no right to have an appointed lawyer in a civil case. If your case proceeds to a trial, however, a lawyer may be appointed to assist you before trial.

**Fifth: Do Not File Your Discovery Requests.** Discovery requests, such as interrogatories and requests for documents, are not to be filed with the Court. Instead, discovery requests should be sent to counsel for the defendant (or directly to the defendant if he or she is not represented by a lawyer). See FED. R. CIV. P. 5(d). Do not mail discovery requests to Defendants' counsel (or a *pro se* Defendant) until that Defendant has filed an answer or motion to dismiss.

**Sixth: Do Not Send Documents to Court Except in Two Situations.** You may send documents or other evidence to the Court only if attached to a motion for summary judgment or in response to a motion for summary judgment; or if the Court orders you to send documents or other evidence.

**Seventh: Provide a Witness List.** If your case is set for trial, as your trial date approaches, you will be asked to provide a witness list. After reviewing the witness list, the Court will subpoena necessary witnesses.

**Eighth: Pay the Filing Fee.** Every civil case filed by a prisoner –including this one – requires the plaintiff to pay a filing fee either at the beginning of the lawsuit or, if eligible, to apply to proceed *in forma pauperis* (IFP) and pay the filing fee in monthly installments.

You have filed an IFP Motion. *Doc. 1.* However, court records show that you are a three-striker.[1] **Thus, you can proceed IFP only if you are currently in imminent danger of serious physical injury**. *See* 28 U.S.C. § 1915(g); *Ashley v. Dilworth*, 147 F.3d 715, 717 (8th Cir. 1998). You allege that, in May 2023, Officer Felicia Bell called you a "snitch" in front of other inmates. Since that time, other inmates have attacked you on two different occasions. However, in response to the most recent grievances that you have filed regarding these allegations, on December 27, 2023, ADC officials determined that: (1) "you will not be and have not been barracked with any known enemies" (*Doc. 2 at 24*); and (2) "[y]our have not provided any evidence to support your allegations on a hit being placed on you" (*Id. at 27*). As a result, the facts alleged are not sufficient to show that you are in imminent danger of serious physical injury. **Accordingly, your IFP motion (*Doc. 1*) is DENIED. If you wish to proceed with this action, you must pay the $405 filing and administrative fee within 30 days. Failure to pay the fee will result in dismissal of this case.**

IT IS THEREFORE ORDERED THAT:

1. Your IFP motion (*Doc. 1*) is DENIED.

2. Within 30 days of this Order, you must pay the $405.00 filing fee. If you fail to comply with this Order, this lawsuit will be dismissed.

SO ORDERED this 24 January 2024.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Those records show that you have had at least three prior civil actions dismissed as frivolous or for failure to state a claim upon which relief may be granted. See *Smith v. Scott*, 5:17-cv-222-BSM; *Smith v. Brooks*, 5:17-cv-226-BSM; and *Smith v. Gibson*, 5:19-cv-332-KGB.