# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

**BRAD PAUL SMITH**  **PLAINTIFF**
**ADC #660448**

**V.**  **NO. 3:24-cv-9-DPM-ERE**

**THOMAS HURST,** *et al.*  **DEFENDANTS**

## ORDER

*Pro se* plaintiff Brad Paul Smith has filed: (1) a motion for summary judgment; and (2) a motion for order asking about the status of defense counsel Rosalyn Middleton. *Docs. 51, 53.* For the reasons explained below, Mr. Smith's motion for summary judgment is denied. His motion for order is granted.

### I.   Motion for Summary Judgment

Summary judgment is appropriate when the record, viewed in a light most favorable to the nonmoving party, demonstrates that there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. See FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 249-50 (1986). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Celotex*, 477 U.S. at 323. Once that has been done, the nonmoving party must present specific facts demonstrating that there is a material dispute for trial. *See* FED. R. CIV. P. 56(c); *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011).

In his motion, Mr. Smith explains that: (1) Defendants "have failed in any way to come to a compromise with a settlement offer to the acceptance of the Plaintiff's injuries" (*Doc. 51 at 2*); (2) Defendants have failed to allow Mr. Smith to view the video of the underlying incident; and (3) he objects to the Court allowing Defendants additional time to file a motion for summary judgment raising the issue of exhaustion. His arguments do not even arguably support a motion for summary judgment. He fails to provide any evidence showing that there is no genuine dispute as to any material fact such that he is entitled to judgment as a matter of law as to any of his pending claims against any Defendant. Mr. Smith also fails to provide a brief in support of his motion or a statement of undisputed facts, both of which are required by this Court's Local Rules. *See* Local Rules 7.2 (a) and 56.1.

In addition, Mr. Smith's motion is premature. At this time, the parties have not had an opportunity to engage in discovery. See *Jackson v. Reibold,* 815 F.3d 1114, 1121 (8th Cir. 2016) ("The general rule is that summary judgment is appropriate 'only after the nonmovant has had adequate time for discovery.'").[1] Discovery is stayed until the Court rules on any motions related to the issue of whether Mr. Smith has exhausted his administrative remedies. Once the discovery

---

[1] The parties have until January 27, 2025, to file dispositive motions raising the issue of exhaustion. *Doc. 50*.

2

stay is lifted, Mr. Smith may engage in discovery by sending discovery requests to counsel for Defendants.

Finally, a motion for summary judgment is not a proper vehicle for complaining that Defendants are refusing to engage in settlement discussions. The decision of whether to defend a lawsuit or attempt to settle it is a matter solely for Defendants' discretion in consultation with their counsel. The Court will not interfere in that decision.

## II. Motion for Order

In his motion for order, Mr. Smith requests information regarding the status of defense counsel Rosalyn Middleton. Ms. Middleton remains counsel of record for Defendants.

IT IS THEREFORE ORDERED THAT:

1. Mr. Smith's motion for summary judgment (*Doc. 51*) is DENIED.

2. Mr. Smith's motion for order (*Doc. 53*) is GRANTED.

SO ORDERED 27 December 2024.

_____
UNITED STATES MAGISTRATE JUDGE